UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:18-CR-00017-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| LISA CAROL WEEMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. *Motion*, 1919]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 1952]. Defendant has also filed a Motion for Compassionate Release under 18 U.S.C. § 3582 [Doc. 1967]. The Government has filed a Response in Opposition to both requests for a reduction in her sentence [Doc. 1971, 1975].

**I.  BACKGROUND**

Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine (actual) [*See* Doc. 1217, 1288]. She agreed that she was accountable for the distribution of at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine [Doc. 1217, ¶ 4(w)]. Based on a total offense level of 35, and a criminal history category of III, Defendant's guideline range was 210 to 262 months' imprisonment [Doc. 1740]. Defendant filed objections to the PSR in which she argued she should receive an additional two levels off her offense level based on the application of the "safety valve." 18 U.S.C. § 3553(f). The Guidelines

1

Case 2:18-cr-00017-DCLC-CRW    Document 2048    Filed 08/29/25    Page 1 of 8
PageID #: 14733

at the time had not been amended to reflect the statutory change in § 3553(f). Accordingly, the Court found that a variance was appropriate and reduced her offense level by two levels, but varied down another level for other reasons and sentenced Defendant to a below guideline range sentence of 120 months' imprisonment [Doc. 1740, pg. 2]. Defendant is currently housed at RRM Nashville, and her projected release date is September 12, 2025. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 22, 2025). She now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 1919]. She also moves this Court for a sentence reduction based on the disparity in treatment between actual methamphetamine and a mixture containing methamphetamine [Doc. 1967].

II.     ANALYSIS

A.     **Motion pursuant to Amendment 821 [Doc. 1919]**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Part A of Amendment 821, which took effect on February 1, 2024, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence. U.S.S.G. § 1B1.1(d). It amended § 4A1.1 (Criminal History category) so that defendants with six or less criminal history points would no longer receive any status points and those defendants with more than six criminal

2

history points would receive one status point, rather than two.

Part B, Subpart 1, created a new Chapter 4 guideline at § 4C1.1 (Adjustment for certain zero-point offenders) to provide for a two-level decrease for having received no criminal history points under Chapter 4, Part A, and who otherwise were not disqualified based on specified aggravating factors.

Beginning with Part B of Amendment 821, Defendant is not a zero-point offender. At the time of sentencing, before consideration of status points, she received a total of two criminal history points. Thus, Part B is not applicable.

Part A, however, is applicable. Defendant received a total of four criminal history points, two of which were status points [Doc. 1411, ¶ 62]. If she were sentenced today, she would receive zero status points. That would reduce her criminal history points from four to two and would place her in criminal history category II, not III. At offense level 33, category II, her guideline range would be 151-188 months' imprisonment. At sentencing, the Government recommended a two-level reduction to offense level 31, which at category III resulted in a guideline range of 135-168 months' imprisonment. Applying a comparable level of reduction based on the newly calculated guideline range, her offense level would be 31, category II, which results in a guideline range of 121-151 months' imprisonment. At her original sentencing, the Court sentenced Defendant to 120 months—less than the newly calculated guideline range.

U.S.S.G. § 1B1.10(b)(2)(A) limits the Court's ability to sentence a defendant below the minimum of her amended guideline range unless the defendant provided substantial assistance. In this case, she did. Where a defendant has provided substantial assistance, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id*.

Defendant asks this Court to reduce her sentence [Doc. 1919, pg. 1]. To be sure, §

3

1B1.10(b)(2)(B) provides that if the term of imprisonment imposed was less than the guideline range at sentencing pursuant to a Government motion to reflect a defendant's substantial assistance, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id*. In this case, the Court granted Defendant a two-level reduction in her offense level on the Government's motion, but varied down another three levels for reasons other than the Government's motion as stated in the Statement of Reasons [Doc. 1740, pg. 3]. Were she resentenced today, assuming application of the safety valve reduction, Defendant's offense level would be 33. Considering a comparable reduction based on the Government's motion, another reduction of two-levels would land her at offense level 31, and with her new criminal history category of II, her new guideline range would be 121-151 months' imprisonment. Because she received a sentence of 120 months' imprisonment—a sentence already below that new range—she is not entitled to any further reduction.

**B.      Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582, Compassionate Release [Doc. 1967].**

Defendant next moves the Court for a sentence reduction pursuant to 18 U.S.C. §§ 3553, 3582, and Section 404 of the First Step Act.[1] As noted above, "[a] district court may modify a defendant's sentence only as provided by statute." *Johnson*, 564 F.3d at 421. The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are

---

[1]      The Court notes that in the Statement of Reasons the Court varied based on the application of the statutory safety valve and pursuant to the First Step Act [Doc. 1740, pg. 3].

4

applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).[2]

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id.* at 833–34.

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003–06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

---

[2] The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as she is 56 years old and has not served 30 years in prison. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. The categories are as follows: (1) the defendant's medical circumstances; (2) defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody; (5) "other reasons" similar in gravity as the foregoing reasons; and (6) gross sentence disparity due to retroactive changes in the law. U.S.S.G. § 1B1.13(b).

The only provision advanced by Defendant is the disparity in treatment between actual methamphetamine and a mixture containing methamphetamine [Doc. 1967, pg. 2]. She does not claim her medical circumstances warrant release, nor her age, family circumstances, or that she suffered sexual or physical abuse while in BOP custody. Thus, the focus is "other reasons' similar in gravity to the foregoing.

In support, Defendant cites other district courts that have expressed a policy disagreement with the Guidelines' treatment of actual methamphetamine and methamphetamine mixtures. In her case, she notes that the guidelines for actual methamphetamine for the quantity she admittedly conspired to distribute resulted in an offense level of 32, but had it been a mixture, her offense level would have been 26. [Doc. 1967, pg. 6]. She claims that under 18 U.S.C. § 3582(c)(1)(A)(1) this is an extraordinary and compelling circumstance warranting relief. She also asks this Court to consider her post-sentence rehabilitation efforts in the resentencing decision [Doc. 1967, pg. 12].

The Government responds that relief under 18 U.S.C. § 3582, commonly referred to as "Compassionate Release," is not available to Defendant for the reasons she has put forward. It argues that compassionate release "is not the proper vehicle for arguments that were or could have

6

Case 2:18-cr-00017-DCLC-CRW   Document 2048   Filed 08/29/25   Page 6 of 8
PageID #: 14738

been raised on direct appeal or in a 28 U.S.C. § 2255 motion." [Doc. 1975, pg. 3] (quoting *United States v. Mattice*, No. 20-2668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020).

The Government is correct that the compassionate relief statute is not the proper vehicle to argue for a sentence reduction based on the disparate treatment of actual and mixture methamphetamine. *Id.* Moreover, Defendant's arguments do not otherwise present extraordinary and compelling reasons for a sentence reduction. These same arguments are routinely raised in the District Court at sentencing hearings and are uniformly rejected in this District and by the undersigned. That other district courts have expressed disagreement with the guidelines as a policy matter on this issue has not persuaded the undersigned to follow suit. Thus, her argument for a sentence reduction based on this issue is not an extraordinary or compelling reason for resentencing. Nor are Defendant's great strides at rehabilitation "extraordinary and compelling" within the meaning of the statute. "[R]ehabilitation . . . cannot by itself justify a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (*en banc*). Accordingly, Defendant is not eligible for a sentence reduction under § 3582(c)(1)(A).

Finally, even if Defendant had shown extraordinary and compelling reasons, the § 3553(a) sentencing factors do not favor any further reduction in her sentence. Defendant pleaded guilty to a conspiracy to distribute more than 50 grams of actual methamphetamine, and she agreed that she actually conspired to distribute more than 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine [Doc. 1217, ¶ 4(w)]. Her involvement was extensive, and it showed in her initial guideline range of 210-262 months. After considering the Government's motion and other factors, the Court varied all the way down to 120 months. Defendant argues that these factors now support a sentence reduction because she has engaged in recidivism reduction programs. Any further sentence reduction would depreciate the seriousness of the offense, not promote respect for

7

the law (especially in light of her prior revocations), and not provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Furthermore, a sentence reduction would undermine the deterrent effect of her sentence and create an unwarranted disparity in sentencing. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(6). Defendant has not shown she would otherwise be entitled to any further reduction in her sentence and such a reduction would be inconsistent with the relevant Section 3553(a) factors.

### III. CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 1919, 1967] are **DENIED**.

**SO ORDERED:**

                                            s/ Clifton L. Corker
                                            United States District Judge

8

Case 2:18-cr-00017-DCLC-CRW    Document 2048    Filed 08/29/25    Page 8 of 8
PageID #: 14740